FRANCES ROSENBERG, PLAINTIFF-APPELLANT, v. TOWN-SHIP OF NORTH BERGEN, A MUNICIPAL CORPORA-TION, PUBLIC SERVICE COORDINATED TRANSPORT, NEW JERSEY ASPHALT & PAVING COMPANY, AND LETTIERI & BELLEZZA COMPANY, DEFENDANTS-RE-SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 7, 1971—Decided June 25, 1971.

Before Judges GOLDMANN, LEONARD and FRITZ.

*Mr. Seymour Margulies* argued the cause for appellant (*Messrs. Levy, Lemken & Margulies,* attorneys).

*Mr. Joseph L. Freiman* argued the cause for respondent North Bergen Township.

*Mr. John Gero* argued the cause for respondents New Jersey Asphalt & Paving Company and Lettieri & Bellezza Company.

PER CURIAM. Plaintiff appeals, pursuant to leave granted, from a summary judgment in favor of defendants New Jersey Asphalt & Paving Company (hereinafter Asphalt Co.) and Lettieri & Bellezza Company (hereinafter Lettieri Co.), its successor in interest. Plaintiff's claims against defendants North Bergen Township and Public Service Coordinated Transport were not affected by the summary judgment and they are not here involved.

The basic facts are not disputed. On June 6, 1968 plaintiff, an elderly lady, was crossing from the westerly side of Bergenline Avenue, Township of North Bergen, to the easterly side thereof, at or near its intersection with 82nd Street. She was attempting to reach a bus stop for the purpose of boarding a Public Service bus when the heel of her shoe became caught between the concrete lanes on the east side of Bergenline Avenue causing her to trip and fall.

The roadbed of this avenue was repaved in either 1935 or 1937 so that each side thereof was divided into three separate and contiguous lanes of concrete. The two easternmost lanes separated sometime since. Plaintiff asserts that the separation was caused by improper and negligent construction in that a proper road base was not provided under the reinforceed pavement.

Defendants Asphalt Co. and Lettieri Co. admit that the former constructed and laid down the concrete pavement on Bergenline Avenue and that the latter, as its successor, assumed all of its obligations. However, they moved for a summary judgment on the ground that plaintiff's claims against them were barred by *N. J. S. A.* 2A:14–1.1 which provides as follows:

No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an impovement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.

Following argument the trial judge held that the construction or paving of a street was an "improvement to real property" within the scope of the above statute and therefore plaintiff's claim was barred as against defendants Asphalt Co. and Lettieri Co. The summary judgment here under appeal followed.

Plaintiff contends that the trial judge's holding was erroneous and consequently the summary judgment should be reversed. She argues that the statute relates only to im-

provements made to private real property and in no event does it apply to the paving of a public street.

■ Thus, we must ascertain the true meaning of "improvement to real property," as that language is used in *N. J. S. A.* 2A:14–1.1. The true meaning and intention of legislation must be derived from a reading of the whole statute. *Denbo v. Moorestown Twp.,* 23 *N. J.* 476, 481 (1957). In enacting legislation the lawmakers are deemed to have a definite purpose in mind, and to have included the component parts of the enactment to accomplish that purpose. *Ibid.* Of significance are the words deficiency in the "design, planning, supervision or construction" and the fact that the ten-year statutory limitation shall not apply "to any person in *actual possession and control as owner, tenant or otherwise of the improvement*" (emphasis added) at the time of the occurrence.

■ A reading of the above-quoted language clearly demonstrates that the "improvement" the Legislature had in mind was in the nature of a building or a structure. It is to be noted that the statutory exception applies to a person in actual possession and control of the "improvement," not one in possession and control of the real property. One cannot be said to be "in possession *and* control" of the instant improvement, the repaving of the street. On the other hand, a building or structure — following its design, planning, and construction — ordinarily does have a person in actual possession and control thereof as owner, tenant or otherwise.

We find no language to support plaintiff's contention that the Legislature intended this statute to be applicable only to private real property and not to such property owned and controlled by a municipality or other public body. However, we do not believe it intended to include a public street within the statutory designation of "real property." In this State, the status of the legal ownership of a public street is unique. The abutting landowners usually own the fee, be it only the bare legal title, up to the center thereof, *J. R. Christ Constr. Co. v. Willete Associates,* 47 *N. J.* 473, 480 (1966),

subject to the easement or privilege of the public to use it according to the effect of the dedication. *State by State Highway Commissioner v. Cooper,* 24 *N. J.* 261, 266–267 (1957), cert. den. 355 *U. S.* 829, 78 *S. Ct.* 41, 2 *L. Ed.* 2d 42 (1957).

*N. J. S. A.* 40:56–48 and *N. J. S. A.* 40:56–53, relied upon by defendants, deal with local street improvements and the payment therefor by assessment or otherwise. They are not relevant to the interpretation of the instant statute.

Accordingly, we conclude that *N. J. S. A.* 2A:14–1.1 does not bar plaintiff's present action against defendants Asphalt Co. or Lettieri Co. The summary judgment entered in their favor is reversed and the matter remanded to the trial court for a plenary trial against these defendants.

The above disposition makes it unnecessary for us to consider plaintiff's other contention that *N. J. S. A.* 2A:14–1.1 is unconstitutional and invalid.

Reversed and remanded in accordance herewith.